UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| MALIBU MEDIA, LLC, | ) |
| Plaintiff, | ) Civil Action Case No.4:18-cv-02488 |
| v. | ) |
| CARLO POROPAT | ) |
| Defendant. | ) |

**PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES**

Plaintiff, Malibu Media, LLC ("Plaintiff"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 12 AND 56, hereby files this reply in further support of the entry of an order striking Affirmative Defenses filed by Defendant, Carlo Poropat ("Defendant"), and files this memorandum in support.

**I.     INTRODUCTION**

This lawsuit was triggered when Plaintiff filed suit against Defendant alleging direct copyright infringement in violation of the Copyright Act. *See* CM/ECF 18. More specifically, Plaintiff alleged that Defendant had utilized a BitTorrent file distribution network to copy and distribute sixteen (16) of Plaintiff's copyrighted works, all without Plaintiff's consent. *See* Exhibits A and B to the Second Amended Complaint [CM/ECF 18-1 and 18-2].

In response, Defendant filed an answer, generally denying Plaintiff's allegations, and stating eleven affirmative defenses. *See* CM/ECF 26. Pending before the Court now is Plaintiff's motion to strike Defendant's affirmative defenses. [CM/ECF 27]. Defendant has filed an opposition to Plaintiff's motion [CM/ECF 32]. For the reasons that follow, Plaintiff requests that the Court enter an order striking Defendant's affirmative defenses.

## II.     ARGUMENT

As a preliminary matter, Defendant's Opposition to Plaintiff's Motion to Strike Affirmative Defenses also includes an incorporated Cross-Motion to Dismiss.  This Cross-Motion to Dismiss was also separately docketed by Defendant at CM/ECF 31.  Plaintiff's reply date on this Motion to Dismiss has been set by Court Order [CM/ECF 36] as February 25, 2019, and as such will be opposed by Plaintiff in separate briefing by that Reply Date.  Therefore, this brief is only regarding Plaintiff's Reply in Support of Plaintiff's Motion to Strike Affirmative Defenses [CM/ECF 27].

### A.  Defendant's Opposition is Untimely

Plaintiff filed it Motion to Strike Affirmative Defenses on January 7, 2019 [CM/ECF 27].  The Motion Docket Date assigned was January 28, 2019.  *Id.*  The Defendant's Opposition was filed on February 6, 2019 [CM/ECF 32].  This is well after the Motion Docket Date.  Defendant's Opposition therefore failed to comply with Local Rule 7.4(A) which states that responses to motions must be filed by the submission day.  Defendant's Opposition also failed to comply with Local Rule 7.4(D) as it did not include a separate form order denying the relief sought.   These failures are evidence of Defendant's counsel's repeated failures to abide by the letter and spirit of the rules and orders of this Court much in the same way Defendant's counsel refused to participate in good faith in the drafting of the Joint Status letter to the Court required by CM/ECF 30, which lead to the parties having to file individual status letters.  As such, the Court should not consider the untimely filed Opposition to Plaintiff's Motion to Strike Affirmative Defenses.

### B.  Defendant's Affirmative Defenses Should be Stricken

Although Defendant's Opposition was untimely, in an abundance of caution, Plaintiff tenders the following Reply in Support of its Motion to Strike Affirmative Defenses.

Defendant argues that the Affirmative Defenses as pled meet the fair notice pleading standard, but provides no support for this argument. The fair notice standard applies to the pleading of affirmative defenses. "A defendant must plead an affirmative defense with enough specificity or factual particularity to give the plaintiff fair notice of the defense that is being advanced." *Rogers v. McDorman*, 521 F.3d 381, 385 (5th Cir. 2008). "The fair notice pleading requirement is met if the defendant sufficiently articulated the defense so that the plaintiff was not a victim of unfair surprise." *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999). "Fair notice will ordinarily require a defendant to do more that 'baldly name' an affirmative defense." *Live Face on Web, LLC v. Natchez Bd. of Realtors*, No. 5:17-CV-122-DCB-MTP, 2018 U.S. Dist. LEXIS 38711 at *2 (S.D. Miss. Mar. 9, 2018) *citing Woodfield v. Bowman* at 362.

The Court in *Live Face on Web, LLC v. Natchez Bd. of Realtors* found that many of the Defendant's affirmative defenses were insufficient, not just because they were barebones, but also because they fail to specifically state the behavior of the Plaintiff that damaged the Defendant. Plaintiff argues the same analysis can apply in the instant matter. Defendant's Answer and Affirmative Defenses is full of information, but most of it attacks Plaintiff with spurious, salacious, immaterial and false claims that do not relate to whether the Defendant infringed upon the Plaintiff's copyrighted works. Defendant fails to meet the fair notice standard not for lack of information pled, but for lack of specific information pled tailored to each affirmative defense.

Plaintiff further stands by its arguments in the Motion to Strike that Defendant's Affirmative Defenses also fail as a matter of law. Additionally, Plaintiff re-asserts its argument that it does not engage in improper litigation techniques and is not a "copyright troll".

Defendant also argues that Plaintiff is attempting to strike the Affirmative Defenses as a method to avoid discovery. This argument simply does not make sense. Striking improper

affirmative defenses has the effect of narrowing the issues for discovery, not avoidance of discovery altogether. Plaintiff simply seeks to avoid unnecessary discovery and expense just to get to the facts of what Defendant is attempting to plead. Further, Plaintiff has conducted discovery in countless cases, so there is no validity to Defendant's argument that Plaintiff is attempting to avoid discovery.

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Court strike Defendant's affirmative defenses.

Dated: February 13, 2019

Respectfully submitted,

By: /s/ Paul S. Beik
PAUL S. BEIK
Texas Bar No. 24054444
S.D. Tex. ID No. 642213
BEIK LAW FIRM, PLLC
8100 Washington Ave., Suite 1000
Houston, TX 77007
T: 713-869-6975
F: 713-868-2262
E-mail: paul@beiklaw.com
**ATTORNEY FOR PLAINTIFF**

### CERTIFICATE OF SERVICE

I hereby certify that, on February 13, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By: /s/ Paul S. Beik
PAUL S. BEIK