UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| MALIBU MEDIA, LLC, | ) |
| Plaintiff, | ) Civil Action Case No.4:18-cv-02488 |
| v. | ) |
| Subscriber 89133, | ) |
| Defendant. | ) |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S CROSS-MOTION TO DISMISS UNDER RULE 12(b)(6)**

I. **INTRODUCTION**

Plaintiff, Malibu Media, files this response in opposition to Defendant's Cross-Motion to Dismiss Under Rule 12(b)(6). Plaintiff's well pled Second Amended Complaint states a *plausible* claim for relief by alleging ownership of valid copyrights and copying of constituent elements of the works that are original. Defendant has not shown, nor can he show, that Plaintiff's Second Amended Complaint is implausible at this initial pleading stage. For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant's Cross-Motion to Dismiss Under Rule 12(b)(6).

II. **LEGAL STANDARD**

Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief. "[M]otion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted." *Capstone Associated Servs*, 2015 U.S. Dist. LEXIS 171073, at *3 (citing *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011)). "It is well settled that 'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his

claim which would entitle him to relief.'" *Warner Bros. Records, Inc. v. Payne*, 2006 U.S. Dist. LEXIS 65765, *3 (W.D. Tex. July 17, 2006) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). "Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Smith v. Houston Indep. Sch. Dist.*, 2017 U.S. Dist. LEXIS 5952, *5 (S.D. Tex. Jan. 17, 2017) (citing Fed. R. Civ. P. 8(a)(2)). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). This standard does not create a "probability requirement." Rather, it only asks for "more than a sheer possibility that a defendant has acted unlawfully." *Id*. "Specific facts are not necessary; the statement need only give the defendant fair notice of the what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 127 S. Ct. 2197 (2007).

"[C]ourts generally must accept the factual allegations contained in the complaint as true." *Geophysical Serv. v. ConocoPhillips Co.*, 2016 U.S. Dist. LEXIS 63231, *8 (S.D. Tex. May 13, 2016) (citing *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982)); *see Capstone Associated Servs. v. Organizational Strategies, Inc.*, 2015 U.S. Dist. LEXIS 171073, *3 (S.D. Tex. Dec. 23, 2015) ("When there are well-pleaded factual allegations, a court should presume they are true, even if doubtful, and then determine whether they plausibly give rise to an entitlement to relief.") (citing *Iqbal*, 556 U.S. at 679). "Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

### III. ARGUMENT

#### A. Plaintiff Has Pled a *Plausible* Claim for Relief

The Supreme Court requires that a Plaintiff's claim for relief move from the possible to the plausible for a Complaint to survive a Rule 12(b) motion to dismiss. Defendant's argument that Plaintiff's Second Amended Complaint fails to meet the plausibility standard is simply incorrect because Defendant confuses *plausible* with *probable*. Defendant relies heavily on the Ninth Circuit's decision in *Cobbler Nevada, LLC v. Gonzales*, 901 F. 3d 1142 (9th Cir. 2018). However, this decision did not change the *Twombly/Iqbal* standard of pleading. The Ninth Circuit simply wanted "something more" than a plain assertion that the Defendant is the account holder of an IP address used to infringe copyrights to thusly bring the allegations in that Plaintiff's complaint from possible to plausible. Plaintiff's well-pled allegations create a reasonable inference that the Defendant is the infringer. Taken as true these allegations demonstrate a pattern of observed infringement by the Defendant subscriber and the frequency of the infringements over a lengthy time period, show that it is *plausible* the Defendant did indeed infringe Plaintiff's copyrights.

The only argument that Defendant advances to rebut Plaintiff's allegations is that Defendant did not infringe Plaintiff's copyrighted materials and he thinks it *could have been* a third party. However, these arguments fail because they violate the tenant that the Court must accept well-pleaded allegations as true and make reasonable inferences in favor of the Plaintiff. *Geophysical Serv. v. ConocoPhillips Co.* at * 8. Defendant's attempts to propose alternate theories are immaterial. "[T]he motion to dismiss stage is not the proper juncture to resolve disputed facts." *Victims of the Hungarian Holocaust v. Hungarian State Rys.*, 798 F. Supp. 2d 934, 938 (N.D. Ill. 2011). Further, Defendant's arguments regarding vicarious liability to the Defendant for the acts of third parties are irrelevant as Plaintiff has not pled a cause of action for vicarious liability.

Plaintiff's allegations taken together establish a pattern of facts making it plausible that Defendant is the infringer in this case. Defendant argues that the allegations are insufficient to *prove* the Defendant infringed upon Plaintiff's works. However, this ignores that the allegations as a group are used to state a plausible (not probable) claim for copyright infringement. Also, Defendant seems to think that Plaintiff must plead facts that *prove* Defendant infringed Plaintiff's works. Such a standard does not exist. "Importantly, the court should not evaluate the merits of the allegation, but must satisfy itself only that plaintiff has adequately pled a legally cognizable claim." *M-I LLC v. Stelly*, 733 F. Supp. 2d 759, 771 (S.D. Tex. 2010) *citing United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). "Plaintiff's allegation that its investigator connected to a computer associated with Defendant's internet account and was able to download bits of Plaintiff's copyrighted movies from it *supports a plausible claim* that Defendant infringed on Plaintiff's copyrighted works by copying and distributing portions of its movies." *Malibu Media LLC v. Gilvin*, 2014 WL 1260110 (N.D. Ind. Mar. 26, 2014) .

"Courts have consistently 'found copyright infringement claims to be sufficiently pled where the defendant was only identified by an IP address.'" *Malibu Media, LLC v. Doe*, 2014 U.S. Dist. LEXIS 141831, *9–10 (S.D. Ohio Oct. 6, 2014) (quoting *Malibu Media, LLC v. John Does 1-11*, No. 12-cv-3810, 2013 U.S. Dist. LEXIS 99332, *4 (S.D.N.Y. July 16, 2013) (collecting cases)). "[T]he difficulty that the Plaintiff will ultimately have in proving that the individual John Doe Defendant was the one who actually utilized the IP address to commit the accused copyright infringement is not relevant in the context of a motion to dismiss." *Id.* (citation omitted).

> Accepting these allegations as true, Plaintiff has plausibly alleged that Defendant copied and distributed Plaintiff's copyrighted movies without authorization. "While there is a possibility that a third party has somehow gained access to Defendant's IP address, the more likely explanation is that it is Defendant who is distributing Plaintiff's works. This is all that is required to plausibly state a claim for relief on which relief may be granted." Whether Defendant actually performed

4

> the alleged conduct, and whether Plaintiff can demonstrate a factual dispute regarding the statements in the affidavit of Jane Doe, are matters reserved for summary judgment or trial. Accordingly, Plaintiff has adequately pled a claim for copyright infringement.

2014 U.S. Dist. LEXIS 141831, at *9–10 (citations omitted); *cf. K-Beech, Inc*, 2012 U.S. Dist. LEXIS 31803, at *13 (suggesting this concerns is better raised as a defense). "[I]t takes no great imagination to see how evidence that a file was downloaded by a certain IP address could support a plausible claim that the file was downloaded by the subscriber at that IP address." *Patrick Collins, Inc. v. Osburn*, 2014 WL 1682010 (D. Md. Apr. 28, 2014).

Some courts have articulated this as a "most likely infringer" principle, holding that even if the initially named defendant ends up being incorrect, so long as a plaintiff has sufficient information and belief to support its identification, this is sufficient to plead copyright infringement. *See Malibu Media, LLC v. Bowser*, 2015 U.S. Dist. LEXIS 136957, *12 (N.D. Ohio Oct. 7, 2015) (citation omitted); *Malibu Media LLC v. John Does 1-11*, 2013 U.S. Dist. LEXIS 99332, *3–4 (S.D.N.Y. July 16, 2013); *Malibu Media, LLC v. Lowry*, 2013 U.S. Dist. LEXIS 162366, *17 (D. Colo. Nov. 14, 2013); *Malibu Media, LLC v. Pelizzo*, 2012 U.S. Dist. LEXIS 180980, *11 (S.D. Fla. Dec. 20, 2012). Plaintiff has adequately pleaded, and with the aid of its reliable technology and investigators, formed a powerful rational basis, that Defendant is the most likely infringer. Defendant cannot succeed in his Motion to Dismiss.

In addition, "[d]etermining whether the allegations in a complaint are 'plausible' is a 'context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Young v. Speziale*, No. 07-3129, 2009 U.S. Dist. LEXIS 105236, *6-7, 2009 WL 3806296 (D.N.J. Nov. 10, 2009) (*quoting Iqbal*, 556 U.S. at 679). Based upon this principle coupled with Plaintiff's pleadings and the factual allegations thereto, the Court finds it

inappropriate, at this stage of the litigation, to dismiss Plaintiff's claims. Therefore, Defendant's motion is denied."). Therefore, Defendant's Motion to Dismiss should be denied.

### B. Proof is Not Required at the Pleading Stage

At this stage of the case, Plaintiff is not required to prove that the Defendant is responsible for the infringement. *Stanislaus Food Prods. Co. v. USSPOSCO Indus.*, 782 F. Supp. 2d 1059, 1074 (E.D. Cal. 2011) ("*Twombly* does not require that plaintiff prove their case or include every factual detail in support of their claims in their complaints.") "Proof is not required to properly plead a claim for copyright infringement," and Plaintiff does not need to establish with 100% certainty that Defendant, the individual assigned the infringing IP address, is the infringer. *Malibu Media, LLC v. Harris*, No. 1:12-cv-1117, 2013 WL 3780571, *3 (S.D. Ind. July 18, 2013). "To require Malibu [Media] to prove that the subscriber more likely than not is the infringer – that is, to meet its ultimate burden of proof – at the pleading stage would turn the civil litigation process on its head." *Malibu Media, LLC v. Doe*, No. PWG-13-365, 2014 U.S. Dist. LEXIS 174225, 2014 WL 7188822, at *5 (D. Md. Dec. 16, 2014). Instead, Plaintiff need only allege "***something more*** to create a reasonable inference that a subscriber is also an infringer," *Cobbler* at 1145 (emphasis added).

Here, Plaintiff pleads facts that clearly "[cross] the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678, because the allegations "raise a right to relief above a speculative level." *Twombly*, 550 U.S. 555. They provide fair notice of the infringed copyright and how the unauthorized copying occurred, including the person likely to be responsible. Plaintiff's infringement claim is therefore "plausible on its face," and readily passes the *Twombly/Iqbal* standard for notice pleading. Even if the Court still maintains questions of its own, the Supreme Court has confirmed that "a well-pleaded complaint may proceed even if it

6

strikes a savvy judge that actual proof of the facts alleged is improbable, and 'that a recovery is very remote and unlikely.'" *Id*. at 556.

### C.  Plaintiff Has Pled a Valid and Cognizable Claim for Copyright Infringement

A prima facie claim of copyright infringement consists of two elements: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. *Geophysical Serv. v. TGS-NOPEC Geophysical Co.*, 2017 U.S. App. LEXIS 4286, *7–8 (5th Cir. Mar. 10, 2017) (citing *Bridgmon v. Array Sys. Corp.*, 325 F.3d 572, 576 (5th Cir. 2003)); *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).

Plaintiff has adequately pled both elements. First, Plaintiff owns certificates of registration from the Copyright Office in the copyrighted works at bar. The certificates "constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate." 17 U.S.C. § 410(c); *see Malibu Media, LLC v. Knight*, 2013 U.S. Dist. LEXIS 195893, *7 (M.D. Fla. May 9, 2013). Defendant's Motion has not called into question the validity of these certificates.

Second, Plaintiff sufficiently alleged copying of copyrightable elements. Plaintiff's Second Amended Complaint describes in detail Plaintiff's methods for discovering BitTorrent infringers as well as how it detects and records Defendant's infringement. (CM/ECF 18, at ¶¶ 10–25). The Second Amended Complaint ultimately concludes, "Defendant downloaded, copied, and distributed a complete copy of Plaintiff's works without authorization as enumerated on Exhibits A and B." *Id.* at ¶ 23. This level of information far surpasses the low bar set by *Iqbal* and *Twombly* for a Rule 12(b)(6). *See e.g.*, *Malibu Media, LLC v. Doe*, 2015 U.S. Dist. LEXIS 23494, *14 (D. Md. Feb. 26, 2015) (noting that Plaintiff's complaint satisfies the plausibility standard for Rule 12(b)(6), and although defendant raised the possibility some facts may not be correct, defendant's allegations did not contravene Plaintiff's pleading); *Malibu Media, LLC v. Does*, 2013 U.S. Dist.

LEXIS 620, *14 (E.D. Pa. Jan. 3, 2013) ("These averments state a plausible claim of direct infringement under the Copyright Act.").

Further, other Courts that have addressed these issues have found that Plaintiff's complaints state a plausible claim for relief. *See e.g. In re Malibu Media Copyright Infringement Litig.,* No. C 15-04170 WHA, 2016 U.S. Dist. LEXIS 31908, at *11-12 (N.D. Cal. Mar. 10, 2016) ("Malibu Media has pled that it received at least one piece of each allegedly infringed work from the defendants, and it has pled that defendants' conduct occurred persistently, rather than in an isolated event. At the Rule 12 stage, the complaint has pled facts that plausibly demonstrate that the subscribers identified [12] in the complaints committed the alleged infringement"); *Malibu Media, LLC v. Bowser*, No. 5:14CV2759, 2015 U.S. Dist. LEXIS 136957, at *8-9 (N.D. Ohio Oct. 7, 2015) ("The facts alleged by Malibu, if accepted as true, sufficiently demonstrate that the user of IP address 98.27.177.139 copied its copyrighted material and, therefore, states a claim for unlawful copying that is plausible on its face."); *Malibu Media, LLC v. John Doe 1,* 2013 WL 30648 at *4 (E.D. Pa. 2013) ("Accepting all factual allegations in the Amended Complaints as true . . . the Court concludes Plaintiff has stated a claim upon which relief can be granted under the Copyright Act."); *Malibu Media, LLC v. Pelizzo*, 2012 U.S. Dist. LEXIS 180980 at *1 (S.D. Fla. 2012) ("Having carefully reviewed the allegations in the Complaint and the applicable authorities, the Court will deny the Motion because the Complaint adequately states a claim for copyright infringement.").

For the foregoing reasons, Defendant's request to dismiss should be denied.

### D. Defendant's *Ad Hominem* Attacks Are Not a Basis to Dismiss Plaintiff's Second Amended Complaint

Defendant spends a large portion of his pleadings attacking Plaintiff and its corporate members. One point that Defendant harps on repeatedly in both the Answer [CM/ECF 26] and the instant motion [CM/ECF 35] is that Defendant's argumentative, impertinent, immaterial, and harassing rantings in its answer are appropriate because Defendant believes the creative content of Plaintiff's works should not be protected by the Copyright Act. Again, Plaintiff has pled a *prima facie* claim for infringement. It is well settled that, "today's conventional wisdom 'is that copyright law no longer concerns itself with the underlying morality or legality of works when determining their eligibility for copyright." *Malibu Media, LLC v. John Does 1-6*, 291 F.R.D. 191, 198 (N.D. Ill. 2013). The manifest weight of the existing case law says the copyright laws do protect pornography. *See, eg., Mitchell Bros. Film Grp. v. Cinema Adult Theater*, 604 F.2d 852, 856 (5th Cir. 1979); *Jartech, Inc. v. Clancy*, 666 F.2d 403, 404 (9th Cir. 1982); *Belcher v. Tarbox*, 486 F.2d 1087, 1088 (9th Cir. 1973); *Flava Works, Inc. v. Gunter*, 689 F.3d 754, 757 (7th Cir. 2012). Plaintiff already addressed this argument in its Motion to Strike Affirmative Defenses [CM/ECF 27 pp. 8-10] regarding the Defendant's Third Affirmative Defense of Unconstitutionality. Defendant's diatribe regarding whether the Supreme Court may someday issue a ruling adverse to Plaintiff is nonsensical and immaterial. Defendant's insistence on attacking Plaintiff and its corporate members is inappropriate, impertinent, immaterial, and harassing in the context of these legal pleadings and does nothing to further his argument that Plaintiff's Second Amended Complaint should be dismissed. Therefore, the Motion to Dismiss should be denied.

### IV. CONCLUSION

For the aforesaid reasons, Plaintiff respectfully requests that this Court deny Defendant's Cross-Motion to Dismiss Under Rule 12(b)(6).

Dated: February 25, 2019

Respectfully submitted,

By: /s/ Paul S. Beik
PAUL S. BEIK
Texas Bar No. 24054444
S.D. Tex. ID No. 642213
BEIK LAW FIRM, PLLC
8100 Washington Ave., Suite 1000
Houston, TX 77007
T: 713-869-6975
F: 713-868-2262
E-mail: paul@beiklaw.com
**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that, on February 25, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By: /s/ Paul S. Beik
PAUL S. BEIK